UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JAMES B. ROLLINS**                                                                                    **PLAINTIFF**

v.                                                                    **CIVIL ACTION NO. 4:23-CV-P100-JHM**

**JUDGE BRIAN WIGGINS et al.**                                                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff James B. Rollins, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff sues in their individual capacities Judge Brian Wiggins and Clerk Camron Laycock at the Muhlenberg Circuit Court. His complaint references state-court case number 22-CI-00389. He alleges that on November 9, 2022, an order was entered in that case that Plaintiff had 90 days to comply with Ky. Rev. Stat. § 454.410(2).[1] Plaintiff states that he responded to the Muhlenberg Circuit Court "multiple times before Feb. 11, 2023," but never received a response from the court or information about the cost of the filing fee. He states that he did not receive any responses from the court until after Defendant Wiggins dismissed his case. He alleges that both

---

[1] Section 454.410(2) provides:

> When an inmate commences, intervenes, or joins an action or an appeal of a judgment in a civil action or proceeding, the inmate shall pay at least partial court fees and costs. At a minimum, the inmate shall pay a five dollar ($5) filing fee unless the court determines the inmate is unable to pay a fee and waives all fees and costs. If the inmate has the ability to pay a higher amount, the court shall order the inmate to pay the higher amount. However, the fees and costs imposed shall not exceed the full amount otherwise imposed by law.

Defendants tampered with "legal documents and motions in that case for a family or friend of Green River Correctional Complex." He asserts that it is a federal offense to tamper with mail and legal documents, and that the prison mail log will show that he did not receive anything from the state court after the November 9th order.[2]

Plaintiff asks for compensatory and punitive damages and for federal charges to be brought.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

---

[2] A review of Kycourts.net shows that Plaintiff's state-court case, *Rollins v. Warden Tim Lane*, 22-CI-00389, was filed on November 9, 2022, in Muhlenberg Circuit Court and was dismissed on February 14, 2023, for failure to comply with § 454.410(2). Kycourts.net also shows that "letters from inmate" were filed on December 29, 2022, and February 13, 2023. Plaintiff does not allege that he paid the filing fee or otherwise complied with § 454.410(2).

**A. Judicial immunity**

"It is well established that judges [like Defendant Wiggins] are entitled to absolute immunity from suits seeking monetary damages on claims arising out of the performance of their judicial functions, even if they acted erroneously or in bad faith." *Arnoff v. Miraldi*, No. 1:23 CV 970, 2023 WL 5352043, at *1 (N.D. Ohio Aug. 21, 2023) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)).

"Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Overseeing the filing of civil case pleadings is a task that is integral to the judicial process." *Smiles v. Royster*, No. 18-1440, 2018 WL 4998196, at *1 (6th Cir. Oct. 1, 2018) (citing *Mischler v. Clary*, No. 16-6184, 2017 WL 3220478, at *3 (6th Cir. May 16, 2017)). Thus, Defendant Laycock is entitled to quasi-juridical immunity. *See also Wojnicz v. Davis*, 80 F. App'x 382, 383–84 (6th Cir. 2003) (ruling that the Clerk of the Michigan Supreme Court was entitled to quasi-judicial immunity for act of rejecting a habeas petition that did not meet certain court rules); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (court clerks entitled to quasi-judicial immunity for alleged failure to provide plaintiff with copies of previous filings and transcripts).

"Judicial immunity can be overcome in two circumstances: (1) where the judicial officer acts in a non-judicial capacity; or (2) where the judicial officer acts 'in the complete absence of all jurisdiction.'" *Smiles*, 2018 WL 4998196, at *1–2 (quoting *Mireles*, 502 U.S. at 11-12). "Enforcing statutes and court rules governing the filing of pleadings is clearly a judicial act." *Id.* at *2. With respect to jurisdiction, "[a] judicial officer acts in the clear absence of jurisdiction only if he knows that he lacks jurisdiction, or acts despite a clearly valid statute or case law expressly

depriving him of jurisdiction." *Mills v. Killebrew*, 765 F.2d 69, 71 (6th Cir. 1985). Here, Plaintiff pleads no facts from which it could be inferred that either Defendant knew that he was acting without jurisdiction.

Further, "[a]lthough the complaint makes amorphous allegations concerning the actions of . . . [D]efendants constituting fraud or mail tampering, it fails to set forth factual underpinnings for these claims that would set forth plausible claims that they were not performing integral judicial tasks. Rather, the claims against . . . [D]efendants [Wiggins and Laycock] are legal conclusions without factual support . . . [and] are also barred by quasi-judicial immunity[.]" *Andre v. Moriarty*, No. CIV. 11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011).

Consequently, the Court finds that Plaintiff's claims against Defendants are barred as seeking monetary relief from Defendants immune from such relief.

### B. Criminal charges

As to Plaintiff's request that Defendants be criminally charged, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Accordingly, Plaintiff's request that Defendants be charged for allegedly tampering with legal mail and documents in violation of federal law fails to state a claim upon which relief may be granted.

5

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: February 9, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009